THE CHARTWELL LAW OFFICES, LLP
BY:  KENNETH M. DUBROW, ESQUIRE
I.D. No. 34665
BY:  BRYAN P. WERLEY, ESQUIRE
I.D. No. 93150
The Bell Atlantic Tower Building
1717 Arch Street, Suite 2920
Philadelphia, PA  19103
(215) 972-7006

Attorney for Defendants,
Home Depot U.S.A., Inc., and
The Home Depot, Inc.

---

| | | |
|---|---|---|
| DIANNE HUGHEY | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| vs. | : | CIVIL TRIAL DIVISION |
| | : | |
| THE HOME DEPOT, INC. and | : | DECEMBER TERM, 2007 |
| HOME DEPOT USA, INC. | : | |
| | : | NO. 5219 |
| | : | |

## <u>PRAECIPE TO FILE NOTICE OF REMOVAL</u>

TO THE PROTHONOTARY:

Pursuant to 28 U.S.C. §1441 and 1446(b), Defendants, The Home Depot, Inc.  and
Home Depot U.S.A., Inc. (misnamed above, Home Depot USA, Inc.), file a certified copy
of a Notice of Removal filed in the United States District Court for the Eastern District of
Pennsylvania on July 9, 2008.

THE CHARTWELL LAW OFFICES, LLP

Dated: <u>July 9, 2008</u>

BY: _____
KENNETH M. DUBROW, ESQUIRE,
BRYAN P. WERLEY, ESQUIRE
Attorney for Defendants,
Home Depot U.S.A., Inc., and
The Home Depot, Inc.

R:\1093\Hughey, Dianne (34973)\Pleadings\Praecipe (Notice) for Removal.doc

℀JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Dianne Hughey | The Home Depot, Inc. and Home Depot U.S.A., Inc. |
| **(b)** County of Residence of First Listed Plaintiff Philadelphia, PA<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant Cobb (GA)<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) (215) 563-6333<br>Keith Kofsky, Esq.Clearfield, Graber,Kofsky &<br>Pennys 1617 JFK Blvd., Ste. 355, Philadelphia, PA | Attorneys (If Known) Bryan P. Werley, Esq., The Chartwell<br>Law Offices, LLP 1717 Arch St.<br>Ste. 2920, Philadelphia, PA 19103 (215) 972-700 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Negligence action; 28 U.S.C. §§ 1332(a), 1441(a) and 1446(b)

Brief description of cause:
Negligence action - Premises Liability

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 50,000 (in excess) | CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 7/9/08 | *[signature]* Bryan P. Werley, Esquire |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Validation signature code: BPW9770

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| DIANNE HUGHEY | : | CIVIL ACTION |
| v. | : | |
| THE HOME DEPOT, INC. and HOME DEPOT USA, INC. | : : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits                    ( )

(c) Arbitration – Cases required to be designated for arbitration under
Local Civil Rule 53.2.                                                          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( **X** )

| | | |
|---|---|---|
| __07/9/08__ | _By Werley_ **Attorney-at-law** Bryan P. Werley, Esq. | **Defendants, Home Depot U.S.A., Inc. and The Home Depot, Inc.** **Attorney for** |
| **Date** | | |
| __(215) 972-7006__ **Telephone** | __(215) 972-7008__ **FAX Number** | __bwerley@chartwelllaw.com__ **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   1629 Newport Place, Philadelphia, Pennsylvania 19122

Address of Defendant:   2455 West Paces Ferry Road, Atlanta, GA  30339

Place of Accident, Incident or Transaction:   9000 Route 130, Delran, New Jersey 08075
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))         Yes ☐   No ■

Does this case involve multidistrict litigation possibilities?         Yes ☐   No ■
*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
         Yes ☐   No ■

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
         Yes ☐   No ■

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
         Yes ☐   No ■

CIVIL: (Place   in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ■ Other Personal Injury (Please specify): Premises Liability
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,_____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                              Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   07/09/08     *Bry Werly*     93150

Attorney-at-Law
Bryan P. Werley, Esquire

Attorney I.D.#

CIV. 609 (4/03)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DIANNE HUGHEY                          :
                                       :
                    v.                 :          Civil Action
                                       :          No: _____
THE HOME DEPOT, INC. and               :
HOME DEPOT USA, INC.                   :

## DISCLOSURE STATEMENT FORM

Please check one box:

                                       The Home Depot, Inc. and

XX      The nongovernmental corporate party, Home Depot U.S.A., Inc. _____
        , in the above listed civil action does not have any parent corporation and
        publicly held corporation that owns 10% or more of its stock.


❏       The nongovernmental corporate party, _____
        , in the above listed civil action has the following parent corporation(s) and
        publicly held corporation(s) that owns 10% or more of its stock:


_____
_____
_____
_____


7/9/08                          _____
Date                                          Signature

                Counsel for:  The Home Depot, Inc. and Home Depot U.S.A., Inc.


## Federal Rule of Civil Procedure 7.1 Disclosure Statement

        (a)    WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
               two copies of a disclosure statement that:
               (1)    identifies any parent corporation and any publicly held corporation
                      owning10% or more of its stock;  or

               (2)    states that there is no such corporation.

        (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
               (1)    file the disclosure statement with its first appearance, pleading,
                      petition, motion, response, or other request addressed to the court;
                      and
               (2)    promptly file a supplemental statement if any required information
                      changes.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIANNE HUGHEY          :
                       :          CIVIL ACTION
      vs.              :
                       :
THE HOME DEPOT, INC. and   :
HOME DEPOT USA, INC.       :          NO.
                       :

### NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441

Defendants, The Home Depot, Inc. and Home Depot U.S.A., Inc. (misnamed above, Home Depot USA, Inc.), hereby submit notice to the United States District Court for the Eastern District of Pennsylvania for the removal of the above entitled action to this Court and, in support thereof, respectfully represent:

1.     Defendant, Home Depot U.S.A., Inc. ("Home Depot"), is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located in the State of Georgia.

2.     Defendant, The Home Depot, Inc., is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located in the State of Georgia.[1]

3.     Upon information and belief, Plaintiff, Dianne Hughey, is an adult individual and is a citizen and resident of the Commonwealth of Pennsylvania, residing at 1629 Newport Place, Philadelphia, Pennsylvania.

---

[1]     At no time material hereto did Defendant, The Home Depot, Inc., have any interest, ownership, leasehold, possessory or otherwise in any Home Depot stores located in Pennsylvania or New Jersey. Hence, said Defendant is not a proper party to the within litigation.

4.      At all times material hereto, Home Depot was duly registered to do, and was doing, business in the State of New Jersey and the Commonwealth of Pennsylvania.

5.      On or about January 4, 2008, Plaintiff instituted the above action, by way of Complaint, a copy of which is attached hereto as Exhibit "A," in the Pennsylvania Court of Common Pleas, Philadelphia County, as of December Term, 2007; No. 5219, seeking damages for injuries Plaintiff sustained at Home Depot's place of business located at 9000 Route 130, Delran, New Jersey, as a result of Defendants' alleged negligence.

6.      Plaintiff has filed this matter as a "Major Case," seeking damages in excess of $50,000.00, exclusive of interest and costs, the sum representing the arbitration limit established by the Commonwealth of Pennsylvania for Philadelphia County.

7.      On July 7, 2008, Defendants' assistant counsel, Bryan P. Werley, Esquire ("Werley"), spoke, by telephone, with Plaintiff's counsel, Justin Bieber, Esquire ("Bieber"), during which Mr. Bieber represented that Plaintiff's claimed damages exceeded $75,000.00 (exclusive of interest and costs). Mr. Bieber's representation regarding the value of Plaintiff's instant claim is memorialized in Mr. Werley's letter of July 7, 2008, a copy of which is attached hereto as Exhibit "B."

8.      Diversity of citizenship exists between Plaintiff, a citizen and resident of the Commonwealth of Pennsylvania, and Defendants, corporations organized and existing under the laws of the State of Delaware and having their principal place of business in the State of Georgia.

9.    The said diversity of citizenship existed at the time the action sought to be removed was commenced and continues to the time of the filing of this Notice. Therefore, as to said claim and cause of action, Defendants are entitled to removal pursuant to 28 U.S.C. §1441, et seq.

10.    This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is being filed within thirty (30) days after receipt by Defendants of Plaintiff's Complaint.

WHEREFORE, the above action now pending against Defendants in the Pennsylvania Court of Common Pleas, Philadelphia County is removed therefrom to this Honorable Court.

Respectfully submitted,

THE CHARTWELL LAW OFFICES, LLP

BY: _____
KENNETH M. DUBROW, ESQUIRE
Identification No. 34665
BRYAN P. WERLEY, ESQUIRE
Identification No. 93150
The Bell Atlantic Tower Building
1717 Arch Street, Suite 2920
Philadelphia, PA 19103
(215) 972-7006

Attorney for Defendants,
Home Depot U.S.A., Inc., and
The Home Depot, Inc.

R:\1093\Hughey, Dianne (34973)\Pleadings\Praecipe (Notice) for Removal.doc

# EXHIBIT A

Apr. 28. 2008 12:58PM   CLEARFIELD GABER KOFSKY PENNEYS          No. 5316   P. 3

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet
JURY FEE PAID

For Prothonotary Use Only (Docket Number)

DECEMBER 2007

005219

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DIANNE HUGHEY | THE HOME DEPOT, INC., c/o CT Corporation System, Inc. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| 1629 Newport Place Philadelphia, PA 19122 | 100 Pine Street, Suite 325 Harrisburg, PA 17101 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | HOME DEPOT USA, INC., c/o CT Corporation System, Inc. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | 100 Pine Street, Suite 325 Harrisburg, PA 17101 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☑ Complaint ☐ Petition Action ☐ Notice of Appeal ☐ Writ of Summons ☐ Transfer from other Jurisdiction |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less | ☐ Arbitration | ☐ Mass Tort | ☐ Commerce | ☐ Settlement |
| ☑ More than $50,000.00 | ☑ Jury | ☐ Savings Action | ☐ Minor Court Appeal | ☐ Minors |
| | ☐ Non-Jury | ☐ Petition | ☐ Statutory Appeals | ☐ W/D/ Survival |
| | ☐ Other | | | |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

2S Premises Liability – Slip and Fall

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

N/A

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? | |
|---|---|---|
| | Yes | No |
| N/A | ☐ | ☐ |
| | ☐ | ☐ |
| | ☐ | ☐ |

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Keith W. Kofsky, Esquire | 1617 JFK Boulevard – Suite 355 Philadelphia, PA 19103 |
| PHONE NUMBER (215) 563-6333 | FAX NUMBER (215) 563-3580 | |
| SUPREME COURT IDENTIFICATION NUMBER 65725 | E-MAIL ADDRESS |
| SIGNATURE | DATE 1/4/08 |

Apr. 28. 2008 12:58PM   CLEARFIELD GABER KOFSKY PENNEYS                    No. 5316   P. 4

JURY FEE PAID

THIS IS A MAJOR JURY MATTER.
ASSESSMENT OF DAMAGES HEARING
IS REQUIRED.

CLEARFIELD, GABER, KOFSKY & PENNEYS          Attorney for Plaintiff
By:    Keith W. Kofsky, Esquire
Identification No.: 65725
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 355
Philadelphia, PA 19103
(215) 563-6333

ATTEST
JAN - 4 2008

ATTEST
APR - 1 2008
REINSTATED
PROPROTHY

JOHN SHELLENBERGER

DIANNE HUGHEY                                     COURT OF COMMON PLEAS
1629 Newport Place                               PHILADELPHIA COUNTY
Philadelphia, PA 19122
        v.                                       JANUARY TERM, 2008
THE HOME DEPOT, INC., c/o                        NO.
CT Corporation System, Inc.
100 Pine Street, Suite 325
Harrisburg, PA 17101
        and                                      005219
HOME DEPOT USA, INC., c/o                        DECEMBER 2007
CT Corporation System, Inc.
100 Pine Street, Suite 325
Harrisburg, PA 17101

COMPLAINT IN CIVIL ACTION
(Code #2S - Premises Liability - Slip and Fall)

NOTICE                                            AVISO

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona ó con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiera que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Penna. 19107
(215) 238-1701
Teléfono: (215) 238-1701

## GENERAL AVERMENTS

1.      Plaintiff, Dianne Hughey, is an adult individual who resides at the above-captioned address.

2.      Defendant, The Home Depot, Inc. (hereinafter referred to as "Home Depot"), is a Delaware business entity licensed to conduct and transact business within the Commonwealth of Pennsylvania with an address for service located at the above-captioned address.

3.      Defendant, Home Depot USA, Inc. (hereafter referred to as "Home Depot USA"), is a Delaware Corporation licensed to conduct and transact business within the Commonwealth of Pennsylvania with an address for service located at the above-captioned address.

4.      At all times material hereto, Defendants Home Depot and/or Home Depot USA owned and/or operated and/or controlled the property located at Home Depot Store at 9000 Route 130, Delran, New Jersey.

5.      At all times material hereto, Defendants acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants, in furtherance of Defendants' businesses and on behalf of Defendants.

6.      On or about February 4, 2006, and for some time prior thereto, Defendants, acting by and through their agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently permitted the floor to be wet for an unreasonable period of time.

7.      On or about February 4, 2006, Plaintiff, Dianne Hughey, while a business invitee at the aforesaid location, was injured when she fell onto the floor.

8.      Said Defendants were responsible for the proper maintenance of the aforesaid premises and to keep said premises safe for business invitees.

-2-

9.    The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## COUNT I
### PLAINTIFF, DIANNE HUGHEY v. DEFENDANTS, HOME DEPOT & HOME DEPOT USA

10.    Plaintiff, Dianne Hughey, incorporates by reference hereto all of the allegations contained in the General Averments, as if they were set forth at length herein.

11.    The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

(a)    allowing and causing a dangerous and defective condition to exist of the floor at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b)    said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)    defendants knew or should have known of the existence of said dangerous condition;

(d)    failing to give warning or notice of the specific defective condition on the floor;

(e)    failing to adequately place warning devices in close proximity to a spill so as to prevent accidents;

(f)    failing to inspect the aforementioned floor;

(g)    failing to clean, mop and dry the aforesaid defective and dangerous condition;

-3-

(h)   failing to provide Plaintiff with a safe and adequate passageway on a known public thoroughfare;

(i)   permitting a highly dangerous condition to exist for an unreasonable length of time;

(j)   failing to perform duties which they had assumed;

(k)   failing to use due care under the circumstances;

(l)   failing to place temporary mats to prevent falls from occurring;

(m)   failing to repair, maintain and/or replace plumbing apparatus that could result in a spill;

(n)   failing to comply with internal safety guidelines that are designed to prevent slip and falls;

(o)   negligence per se; and

(p)   in being otherwise careless, reckless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

12.   As a result of this accident, Plaintiff, Dianne Hughey, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to: internal derangement of the left knee necessitating surgical repair resulting in permanent scarring, nerve damage, bilateral sprain and strain of the shoulders, cervical strain and sprain, thoracic strain and sprain, lumbar sprain and strain, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

13.   As a further result of this accident, Plaintiff, Dianne Hughey, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

14.   As a further result of this accident, Plaintiff, Dianne Hughey, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

15.   As a further result of this accident, Plaintiff, Dianne Hughey, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

16.   As a direct and reasonable result of the accident aforementioned, Plaintiff, Dianne Hughey, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

17.   As a further result of the accident aforementioned, Plaintiff, Dianne Hughey, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff, Dianne Hughey, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

CLEARFIELD, GABER, KOFSKY & PENNEYS

BY: _____
Keith W. Kofsky, Esquire
Attorney for Plaintiff

-5-

## VERIFICATION

I, _DIANNE HUGHEY_____ hereby verify that I am the

_Plaintiff_____ in the attached _Complaint_____, and

that the facts set forth herein are true and correct to the best of my knowledge,

information and belief.  I understand that false statements made herein are subject

to the penalties of the 18 PA C.S. §4904, relating to unsworn falsification to

authorities.

NAME _Dianne   Hughey_____

ADDRESS _1629 Newport Place, Phila PA 19122_

DATE _____

**EXHIBIT B**



# THE *C*HARTWELL
## LAW OFFICES, LLP

Reply To: Philadelphia
Office Line: (215) 972-5412
E-Mail: bwerley@chartwelllaw.com

July 7, 2008

**<u>VIA TELEFAX AND REGULAR FIRST CLASS MAIL</u>**
Justin Bieber, Esquire
Clearfield, Gaber, Kofsky and Penneys
1617 JFK Boulevard, Suite 355
Philadelphia, PA 19103

RE:  Dianne Hughey v. The Home Depot, Inc., et al.
     <u>C.P. Phila. Cty., December Term, 2007; No. 5219</u>

Dear Mr. Bieber:

Pursuant to our telephone conversation, this date, this will confirm your representation that Plaintiff values her claims in the above matter in excess of Seventy-Five Thousand ($75,000.00) Dollars (exclusive of interest and costs). Accordingly, Defendants will be removing this matter to federal Court pursuant to its diversity jurisdiction.

Thank you for your attention herein.

Very truly yours,

BRYAN P. WERLEY

R:\1093\Hughey, Dianne (34973)\Correspondence\Ltr to Bieber, esq. 7.7.08.doc

| Valley Forge Office | Philadelphia Office | Pittsburgh Office | Harrisburg Office | info@chartwelllaw.com |
|---|---|---|---|---|
| Valley Forge Corporate Center | The Bell Atlantic Tower Bldg. | 409 Broad Street | 1017 Mumma Road | www.chartwelllaw.com |
| 2621 Van Buren Avenue | 1717 Arch Street, Suite 2920 | Suite 200 | Suite 100 | |
| Norristown, PA 19403 | Philadelphia, PA 19103 | Sewickley, PA 15143 | Womdeysburg, PA 17043 | |
| (610) 666-7700 | (215) 972-7006 | (412) 741-0600 | (717) 909-5170 | |
| (610) 666-7704 (fax) | (215) 972 7008 (fax) | (412) 741 0606 (fax) | (717) 909-5173 (fax) | |

COMMONWEALTH OF PENNSYLVANIA            )
                                        )ss:
COUNTY OF PHILADELPHIA                  )

### AFFIDAVIT

BRYAN P. WERLEY, ESQUIRE, being duly sworn according to law, deposes and

says that he is the attorney for Defendants, Home Depot U.S.A., Inc. and The Home

Depot, Inc.; that, he has read the foregoing Notice and knows the contents thereof; that,

he is authorized to make this Affidavit on behalf of Home Depot U.S.A., Inc. and The

Home Depot, Inc.; and, that the facts alleged in the Notice are true and correct to the

best of his knowledge, information and belief.


_____
BRYAN P. WERLEY, ESQUIRE


Sworn to and subscribed
before me this 9th day
of July, 2008.

_____
Notary Public

NOTARIAL SEAL
TRACY L JOHNSON
Notary Public
PHILADELPHIA CITY, PHILADELPHIA COUNTY
My Commission Expires Jan 12, 2010

R:\1093\Hughey, Dianne (34973)\Pleadings\Praecipe (Notice) for Removal.doc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIANNE HUGHEY                          :
                                       :        CIVIL ACTION
    vs.                            :
                                       :
THE HOME DEPOT, INC. and               :
HOME DEPOT USA, INC.                   :        NO.
                                       :

### CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2008, a true and correct copy of the Notice for Removal of Action pursuant to 28 U.S.C. §1441 filed by Defendants, Home Depot U.S.A., Inc. and The Home Depot, Inc., was served upon the following by United States first class mail, postage pre-paid, addressed as follows:

> Keith Kofsky, Esquire
> Clearfield, Gaber, Kofsky & Pennys
> One Penn Center at Suburban Station
> 1617 JFK Boulevard, Suite 355
> Philadelphia, PA 19103

THE CHARTWELL LAW OFFICES, LLP

Dated: July 9, 2008                    BY: _____
                                       BRYAN P. WERLEY, ESQUIRE
                                       Attorney for Defendants,
                                       Home Depot U.S.A., Inc., and
                                       The Home Depot, Inc.