```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIANNE HUGHEY,                  :    CIVIL ACTION
                                :    NO. 08-03213
          Plaintiff,            :
                                :
          v.                    :
                                :
THE HOME DEPOT USA, INC.        :
d/b/a THE HOME DEPOT,           :
                                :
          Defendant.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              July 23, 2009

      This is a premises liability case based upon an alleged slip and fall on a wet surface. Defendant, upon oral motion, seeks to exclude certain testimony by Plaintiff concerning statements by unidentified Home Depot employees. For the reasons that follow, the motion will be granted.

I.  BACKGROUND

      Defendant seeks to exclude a portion of Plaintiff's anticipated testimony as inadmissible hearsay, in violation of the Federal Rules of Evidence. The specific testimony at issue is paraphrased as follows:

> Plaintiff intends to testify that, following her fall at Home Depot, she overheard several store employees discussing the circumstances surrounding her fall, and indicating that there may be a leak from the ceiling, creating standing water on the ground.

1

Defendant contends that the employees' statements are inadmissible hearsay.  Plaintiff argues that the statements are admissible as: (1) non-hearsay, under 801(d)(2)(D), and/or (2) an exception to the hearsay rule, under 803(1) [present sense impression] or 803(2) [excited utterance].  Each argument is considered in turn.

II.  DISCUSSION

"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.  Fed. R. Evid. 802.

Here, the statements at issue [communications by the Home Depot employees overheard by Plaintiff] are out of court statements which will be offered for the truth of the matter asserted.  That is, the statements will be offered to establish that there may have been a leak, causing standing water on the ground.  Thus, these statements are hearsay and

-2-

thus inadmissible.

However, as Plaintiff argues, a statement which is otherwise inadmissible hearsay is admissible if it falls within the non-hearsay definition, or is excluded under an exception to hearsay.  The Court proceeds to determine whether the statements at issue are non-hearsay, or are admissible under an exception to hearsay.

A.   Admission of a Party Opponent

Pursuant to 801(d)(2)(D) a "statement by a party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" is admissible as non-hearsay.  As the rule indicates, for a statement to fall within this non-hearsay definition, the statement must concern a matter within the scope of the declarant's agency or employment. McAdams v. United States, 297 Fed. Appx. 183, 186 (3d Cir. 2008) (non precedential) (citing Blackburn v. United Parcel Service, 179 F.3d 81, 97 (3d Cir. 1999)).

In McAdams, the plaintiff in a negligence action attempted to introduce the statement made by an x-ray technician to Plaintiff stating that the first floor of the

medical center was "like a skating rink."  The Third Circuit held that the statement was not an admission under Fed. R. Evid. 801(d)(2)(D) because plaintiff failed to establish that the technician's statement concerned a matter within the scope of her employment.  297 Fed. Appx. at 186.  Although the x-ray technician was an employee of the hospital (defendant), the plaintiff failed present any evidence that the x-ray technician was "responsible for the condition or maintenance of the hospital floors," or present any basis to conclude that the condition of the floors were a matter within her employment.  Id.

Similarly, here, there is no indication that the presence of a leak is in the scope of the declarants' employment.  In fact, based on counsel's representations, there is no suggestion as to the identity of the declarants or their roles at Home Depot.  Without this information, the Court is unable to determine whether a statement regarding the presence of a leak falls within the scope of the declarants' employment.  Accordingly, Plaintiff is unable to establish that the declarants' statements are party admissions under 801(d)(2)(D).

B.   <u>Present Sense Impression</u>

Pursuant to Fed. R. Evid. 803(1), a "statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter" is excluded under the present sense impression exception to the hearsay rule.  A hearsay statement may be admitted under this exception if it explains or describes an event personally witnessed by the declarant, and if the declaration is made essentially contemporaneously to witnessing the event.  <u>United States v. Green</u>, 556 F.3d 151 (3d Cir. 2009).

Here, the event to which Plaintiff submits that the declarants' statements describe or explain is Plaintiff's fall.  As the testimony has established, there were no individuals (besides Plaintiff) present at the time of Plaintiff's fall.  Accordingly, because the event was not personally witnesses by the declarants, the statements are inadmissible under this exception.

C.   <u>Excited Utterance</u>

Pursuant to Fed. R. Evid. 803(2), a "statement relating to a startling event or condition made while the

declarant was under the stress of excitement caused by the event or condition" is excluded under the excited utterance exception to the hearsay rule.

Here, as testimony has established, no individuals (besides Plaintiff) were present at the time of the fall and thus were not under excitement caused by the event. Accordingly, because the declarants' statements were not made in relation to the "startling event" while "under the stress of excitement caused by the event," this exception is inapplicable.

III.  CONCLUSION

Accordingly, the Defendant's motion to exclude Plaintiff's testimony concerning statements by unidentified Home Depot employees will be granted.

An appropriate order follows.